UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

CASE NO.:

PENINSULA PETROLEUM FAR EAST PTE. LTD.

    Plaintiff,

vs.

M/V CRYSTAL SYMPHONY, its
Engines, tackle, apparel, *et al*

    Defendant *in rem*, and

CRYSTAL CRUISES, LLC.
STAR CRUISES (HK) LIMITED.

    Defendants *in personam*.
_____/

**VERIFIED COMPLAINT WITH REQUEST FOR
ISSUE OF WARRANT FOR ARREST OF VESSEL, *IN REM***

    Peninsula Petroleum Far East Pte. Ltd.("Peninsula") sues the M/V CRYSTAL SYMPHONY, its engines, tackle, apparel, etc., *in rem* ("Vessel") pursuant to Supplemental Admiralty and Maritime Rule C in causes of breach of maritime contracts and foreclosure of maritime liens *in rem*, and further sues Crystal Cruises, ("Crystal") and Star Cruises (HK) Limited ("Star") *in personam* for breach of maritime contracts, as follows:

**Jurisdiction**

    1.    This claim is within the Court's admiralty jurisdiction pursuant to 28 U.S.C. §1333, and the Commercial Instruments and Maritime Lien Act ("CIMLA"), 46 U.S.C. §31301, et seq. This is an admiralty and maritime claim within the meaning Rule 9(h) of the Federal Rules of Civil Procedure.

2. Peninsula is a duly organized and existing corporation under the laws of Singapore with its principal business place in Singapore. Crystal is a California LLC with its principal business place in Miami, and was or is at pertinent times here, namely, Crystal's order of marine fuel from Peninsula which Peninsula provided to the Vessel, the charterer and/or manager of the Vessel. Star is a Hong Kong corporation, which does business in this District and was or is at pertinent times here, namely, Crystal's order of marine fuel from Peninsula which Peninsula provided to the Vessel, the charterer and/or manager of the Vessel.

3. The Vessel is a passenger cruise ship which is or soon will be within this District, calling at Port Miami.

## Facts

4. Crystal and Star, when they were the charterers and/or managers of the Vessel, ordered marine fuel ("bunkers") for the Vessel from Peninsula, which Peninsula provided to the Vessel at Miami according to agreed terms of sale including Peninsula's Terms and Conditions of Sale, and invoiced Crystal and Star as also agreed.

5. Crystal and Star also ordered from Peninsula bunkers for other vessels which at the time Crystal and Star, respectively were those vessels' charterers and/or managers. Peninsula provided the bunkers to those vessels, also according to agreed terms of sale including Peninsula's Terms and Conditions of Sale, and invoiced Crystal and Star as agreed.

6. Peninsula's Terms and Conditions of Sale provide that the sales terms of Peninsula's physical suppliers at Miami, which provide for maritime liens *in rem* and U.S. law, are incorporated into Peninsula's contract for sale of the bunkers to the Vessel. The physical suppliers' terms also provide for the payment of attorneys fees and costs of collection, for acceleration of invoices when the customer does not pay its other debts when due, and for contractual interest.

7. Pursuant to United States general maritime law and the United States Commercial Instruments and Maritime Act, Peninsula holds maritime liens against the Vessel, *in rem* as set out above, pre-judgment interest, post-judgment interest, costs and other expenses.

8. Peninsula's sales on the order of Crystal and Star, respectively, are the following:

|  | Vessel | Invoice No. | Delivery Port | Quantity (mt) | Amount | Delivery Date | DueDate |
|---|---|---|---|---|---|---|---|
| Star | CRYSTAL SERENITY | 15164570 | Miami | 830.010 | $ 640,045.65 | 12/22/2021 | 1/17/2022 |
| Star | CRYSTAL SERENITY | 15164607 | Miami | 47.030 | $ 37,108.55 | 12/22/2021 | 1/17/2022 |
| Star | CRYSTAL SYMPHONY | 15164569 | Miami | 740.000 | $ 571,833.46 | 12/29/2021 | 1/17/2022 |
| Crystal | CRYSTAL SERENITY | 15166045 | Miami | 96.000 | $ 77,568.00 | 1/5/2022 | 1/5/2022 |
| Crystal | CRYSTAL SERENITY | 15165948 | Miami | 850.000 | $ 684,519.65 | 1/5/2022 | 1/5/2022 |
| Crystal | CRYSTAL SYMPHONY | 15166521 | Miami | 780.000 | $ 629,074.98 | 1/8/2022 | 1/8/2022 |
| Crystal | CRYSTAL SERENITY | 15166610 | Miami | 93.000 | $ 80,305.50 | 1/17/2022 | 1/17/2022 |
| Crystal | CRYSTAL SERENITY | 15166511 | Miami | 770.000 | $ 632,701.46 | 1/17/2022 | 1/17/2022 |
| Star | SUPERSTAR LIBRA | 15073642 | Penang | 348.000 | $ 6,611.67 | 14/07/2017 | 8/11/2021 |
| Star | SUPERSTAR LIBRA | 15076908 | Penang | 412.000 | $ 9,803.07 | 21/10/2017 | 8/11/2021 |
| Star | SUPERSTAR LIBRA | 15077601 | Penang | 445.000 | $ 10,646.29 | 11/11/2017 | 8/11/2021 |
| Star | SUPERSTAR LIBRA | 15077602 | Penang | 360.000 | $ 8,615.81 | 14/11/2017 | 8/11/2021 |
| Star | SUPERSTAR LIBRA | 15077603 | Penang | 460.072 | $ 10,804.73 | 25/11/2017 | 8/11/2021 |

| | |
|---|---|
| Total Claims, Against the CRYSTAL SYMPHONY ("Vessel"), *in rem* | $1,200,908.44 |
| Total Claims, Against Crystal Cruises, LLC, *in personam* | $2,104,169.59 |
| Total Claims, Against Star Cruises (HK) Limited, *in personam* | $1,295,469.23 |

## COUNT I – MARITIME LIENS *IN REM* AGAINST THE VESSEL

### Maritime Lien *In Rem* Against the Vessel

9. Peninsula repeats the foregoing paragraphs.

10. Peninsula on the order of Crystal and Star, Vessel's respective charterers and/or managers at the time of Peninsula's bunker provision at Miami as set out above, provided maritime necessaries to the Vessel, namely, bunkers and Peninsula thereby holds maritime liens *in rem* against the Vessel for the value of its maritime necessaries.

11. Peninsula has not been paid for the maritime necessaries provided to the Vessel and therefore proceeds to arrest the Vessel to execute on its maritime liens *in rem*, for sale of the Vessel and satisfaction of its maritime liens *in rem* as demanded below.

## COUNT II – BREACH OF CONTRACT *IN PERSONAM* AGAINST CRYSTAL AND STAR

12. Peninsula repeats the foregoing paragraphs.

13. Crystal and Star have breached their contracts with Peninsula, to pay for the bunkers which they ordered from Peninsula for vessels which they chartered and/or managed.

14. Crystal and Star therefore are liable to Peninsula for damages, as demanded below.

## PRAYER FOR RELIEF

WHEREFORE, Peninsula demands judgment as follows:

A. **Count I - Against the *in rem* defendant Vessel as follows**:

      1.      That the Clerk of this Court issue a warrant for arrest of the Vessel, commanding the United States Marshal for this District, or pursuant to alternative service of the warrant as ordered by this Court, to arrest and take into custody the Defendant Vessel and detain the same in the custody of the substitute custodian until further order of this Court;

      2.      That the Court find that Plaintiff holds valid maritime liens *in rem* against the Vessel and its engines, appurtenances, furnishings, machinery, and equipment;

      3.      That the Court judgment *in rem* against the Vessel, including without limitations all of its engines, machinery, tools, boats, anchors, chains, tackle, fittings, navigation equipment, and all other equipment and appurtenances appertaining or belonging to the Vessel, whether on board or not, and order that Plaintiff's claims of at least **$1,200,908.44** as detailed above, be asserted and executed against the Vessel for Plaintiff's maritime liens, *in rem*, and that the Vessel be sold to satisfy Plaintiff's maritime liens *in rem*;

      4.      That the Court award Plaintiff its costs and other expenses incurred in connection with this proceeding, including without limitations, all costs incurred in *custodia legis*; and

      5.      That the Court grant such other legal and equitable relief as this Court deems just and proper.

    **B.**    **Count II - Against the *in personam* defendants**:

      1.      That the Court enter judgment:

      Against Crystal Cruises, LLC, in personam    **$2,104,169.59**

      Against Star Cruises (HK) Limited, in personam    **$1,295,469.23**

plus contractual attorneys fees, costs, and interest; and

      2.      That the Court grant such other legal and equitable relief as this Court deems just and proper.

Dated: January 19, 2022.

| | |
|---|---|
| BLANCK & COOPER, P.A.<br>5730 S.W. 74th Street, Suite #700<br>Miami, Florida 33143<br>Phone: (305) 663-0177<br>Cell Number: 305-283-5390<br><br>**BY:       //S//Jonathan S. Cooper, Esq.**<br>Jonathan S. Cooper, Esq.<br>Florida Bar Number: 99376<br>Email: jcooper@shiplawusa.com | /s/ J. Stephen Simms<br>J. Stephen Simms<br>(*pro hac vice* motion to be filed)<br>Simms Showers LLP<br>201 International Circle, Suite 230<br>Baltimore, Maryland 21030<br>Telephone: (410) 783-5795<br>Cell Number: 410-365-6131<br>jssimms@simmsshowers.com |

Attorneys for Plaintiff Peninsula

## **VERIFICATION**

I am a principal of Simms Showers LLP, counsel to Plaintiff.  No officer of Plaintiff is present in this District to make this declaration, which Plaintiff has authorized me to make on its behalf based on facts including documents received from Plaintiff.  The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff.

Pursuant to 28 U.S.C. § 1746(1), I certify under penalty of perjury that the foregoing is true and correct.

Executed on January 19, 2022.

/s/ J. Stephen Simms
J. Stephen Simms
(*pro hac vice* motion to be filed)
Simms Showers LLP
201 International Circle, Suite 230
Baltimore, Maryland 21030
Telephone: (410) 783-5795
Facsimile: (410) 510-1789
jssimms@simmsshowers.com