UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

CASE NO.:1:22-cv-20230-DPG/TORRES

PENINSULA PETROLEUM FAR EAST PTE. LTD.

 Plaintiff,
vs.

M/V CRYSTAL SYMPHONY, its
Engines, tackle, apparel, *et al*

 Defendant *in rem*, and

CRYSTAL CRUISES, LLC.
STAR CRUISES (HK) LIMITED.

 Defendants *in personam*.
_____/

### **MOTION FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN**

 Plaintiffs respectfully move this Court for an order appointing Global Maritime Security ("Global Maritime") as substitute custodian of the M/V CRYSTAL SYMPHONY (the "Vessel"), and represent the following:

 1. On January 19, 2022, Plaintiff initiated this action praying that the Vessel, the Vessel's engines, tackle and appurtenances be condemned and sold to pay Plaintiff's demands and claims against the Vessel and for other proper relief.

 2. Plaintiff also has moved requesting issue of a Warrant of Arrest, which will direct the United States Marshal for the Southern District of Florida to seize, and take into possession and hold the Vessel, her engines, tackle and appurtenances.

 3. Pursuant to the Warrant of Arrest, it is contemplated that the Marshal will seize the Vessel forthwith. Custody by the Marshal requires the services of one or more custodians and

CASE NO.:1:22-cv-20230-XXXX
Page -- 2 -

other services usually associated with safekeeping vessels similar to the Vessel.

4. The Vessel is expected to arrive in the Port of Miami at approximately 6:00 a.m. Saturday, January 22, 2022.

5. Global Maritime has agreed to assume the responsibility of safekeeping the Vessel and has consented to act as custodian of the Vessel upon order of this Court.

6. The United States Marshal is unable to perform or to have performed at a comparable rate these same services. In any case, the transfer of the Vessel to the substitute custodian for safekeeping will not be affected until the Court approves such custodianship and all such charges have been paid by the moving party.

5. Global Maritime by declaration of John Saltzman, filed herewith and made a part hereof, avers that it has adequate facilities and supervision for proper maintenance and safekeeping of the Vessel, her engines, tackle, appurtenances, furnishings, etc., or for damage or injury sustained by third parties due to any acts, faults, or negligence of said substitute custodian or its agents.

6. Further filed herewith is Global Maritime's Consent and Indemnification Agreement.

7. Plaintiff and Global Maritime agree to hold the United States and the United States Marshal harmless from any claims arising during the substitute custodianship.

THEREFORE, in accordance with the representations set forth in this motion, Plaintiff requests this Court to enter an order appointing Global Maritime as Substitute Custodian for the Vessel.

Dated: January 20, 2022.

| | |
|---|---|
| BLANCK & COOPER, P.A.<br>5730 S.W. 74th Street, Suite #700<br>Miami, Florida 33143<br>Phone: (305) 663-0177<br>Facsimile: (305) 663-0146<br><br>**BY:        //S//Jonathan S. Cooper, Esq.**<br>Jonathan S. Cooper, Esq.<br>Florida Bar Number: 99376<br>Email: jcooper@shiplawusa.com | /s/ J. Stephen Simms<br>J. Stephen Simms<br>(*pro hac vice* motion to be filed)<br>Simms Showers LLP<br>201 International Circle, Suite 230<br>Baltimore, Maryland 21030<br>Telephone: (410) 783-5795<br>Facsimile: (410) 510-1789<br>jssimms@simmsshowers.com |

Attorneys for Plaintiff Peninsula

8032/MotionAppointSubCustodian