# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# IN ADMIRALTY

**PENINSULA PETROLEUM FAR EAST PTE. LTD.**

    Plaintiff,

**VERSUS**

**M/V CRYSTAL SYMPHONY, ET AL.**

    Defendants,

_____/

**CASE NO. 1:22-CV-20230-DPG**

**JUDGE DARRIN P. GAYLES**

## DEFENDANT CRYSTAL CRUISES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO THE VERIFIED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Crystal Cruises, LLC ("Defendant") to answer the Verified Complaint ("Complaint") of Peninsula Petroleum Far East Pte. Ltd. ("Plaintiff") as follows:

### ANSWER TO COMPLAINT

1. The allegations of Paragraph 1 of the Complaint assert legal conclusions and require no response by Defendant. To the extent an answer is required, Defendant admits that Plaintiff is attempting to assert an admiralty and maritime claim pursuant to 28 U.S.C. § 1333, 46 U.S.C. § 31301, and Rule 9(h) of the Federal Rules of Civil Procedure.

2. Except to admit that Defendant is a California LLC with its principal place of business in Miami, all other allegations contained in Paragraph 2 of the Complaint are denied.

3. The allegations contained in Paragraph 3 of the Complaint require no response by Defendant. To the extent an answer is required, the allegations are denied.

4. The allegations contained in Paragraph 4 of the Complaint are denied.

5. The allegations contained in Paragraph 5 of the Complaint are denied.

6. In response to the allegations contained in Paragraph 6 of the Complaint, Defendant admits only that, as written instruments, the documents referenced in Paragraph 6 constitute the best evidence of their terms.

7. The allegations contained in Paragraph 7 of the Complaint require no response by Defendant. To the extent an answer is required, the allegations are denied.

8. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, and therefore denies them.

9. In response to the allegations contained in Paragraph 9 of the Complaint, Defendant adopts its answers to Paragraphs 1 – 8 of the Complaint as if copied herein *in extenso*.

10. The allegations contained in Paragraph 10 of the Complaint are denied.

11. The allegations contained in Paragraph 11 of the Complaint are denied.

12. In response to the allegations contained in Paragraph 12 of the Complaint, Defendant adopts its answers to Paragraphs 1 – 11 of the Complaint as if copied herein *in extenso*.

13. The allegations contained in Paragraph 13 of the Complaint are denied.

14. The allegations contained in Paragraph 14 of the Complaint are denied.

15. Defendant denies all of the allegations contained in the "Prayer for Relief" and further denies that Plaintiff is entitled to any of the relief sought in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted, either in whole or in part.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to join at least one indispensable party under Rule 19 of the Federal Rules of Civil Procedure, in whose absence the Court cannot accord complete relief among the existing parties and, therefore, the Complaint should be dismissed in the absence of the joinder of all indispensable parties.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to take reasonable steps to mitigate its alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff does not have standing to assert the claims contained in the Complaint against Defendant, either in whole or in part, because Plaintiff has assigned its right to assert such claims to another entity.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of unjust enrichment and estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff does not have a maritime lien upon the M/V CRYSTAL SYMPHONY under the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301-31343, or otherwise, whether under statute, common law, or general maritime law.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the provisions of Chapter 727 of the Florida Statutes in light of the Petition Commencing Assignment for the Benefit of Creditors filed by Defendant in the Circuit Court of the Eleventh Judicial Circuit in Miami-Dade County, Florida.

## EIGHTH AFFIRMATIVE DEFENSE

Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Defendant gives notice of and reserves its right to rely upon foreign law to the extent it may be applicable.

## NINTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other defenses that may become available or apparent during the course of discovery and thus reserves its right to amend this answer to assert any such additional defenses.

**WHEREFORE**, Defendant Crystal Cruises, LLC respectfully prays that the above Answer and Affirmative Defenses be deemed good and sufficient and that, after due proceedings are had, there be judgment rendered in favor of Defendant, dismissing with prejudice all claims at Plaintiff's cost.  Moreover, Defendant prays for all such general, special, and equitable relief as the nature of this cause may permit.

Respectfully submitted,

**PHELPS DUNBAR LLP**

*/s/ Jason A. Pill*
Jason A. Pill
Florida Bar No. 70284
100 South Ashley Drive, Suite 2000
Tampa, Florida  33602-5311
Telephone:  (813) 472-7550
Facsimile:  (813) 472-7570
Email:  jason.pill@phelps.com

*Attorney for Defendant Crystal Cruises, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2022, a copy of the foregoing pleading was filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

/s/ *Jason A. Pill*